Mark Clayton Choate, Esq., AK #8011070
CHOATE LAW FIRM LLC
424 N. Franklin Street
Juneau, Alaska 99801
Telephone: (907) 586-4490
Facsimile: (907) 586-6633

Attorneys for Plaintiff

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ALASKA AT JUNEAU

DIANE SOURON, Individually and as )
Personal Representative of the Estate of )
JODY WATSON, )
              Plaintiff, )
              vs. )
UNITED STATES OF AMERICA )
              Defendant. )  Case No.

## COMPLAINT FOR WRONGFUL DEATH

COME NOW the Plaintiff, DIANE SOURON, Individually and as Personal Representative of the Estate of JODY WATSON, by and through Mark Choate of the Choate Law Firm, LLC, and for causes of action against Defendants, UNITED STATES OF AMERICA, on behalf of DEPARTMENT OF HEALTH & HUMAN SERVICES, INDIAN HEALTH SERVICES, SOUTHEAST ALASKA REGIONAL HEALTH CONSORTIUM, and allege:

## VENUE AND JURISDICTION

1. The allegations in this Complaint arise from a series of incidents, acts and omissions by defendant health care providers which culminated in a fatal motor vehicle collision which occurred on August 31, 2005 in Juneau, Alaska, in the First Judicial District.

1 of 5
*Watson, Jody Estate v. David Alex & Stephanie Smathers (1JU-07-633 CI)) [23160].*
COMPLAINT FOR WRONGFUL DEATH

2.  With respect to all claims, this Court has subject matter jurisdiction pursuant to 25 U.S.C. §450f (d). The amount in controversy is in excess of $75,000.00 exclusive of interest and costs.

3.  SOUTHEAST ALASKA REGIONAL HEALTH CONSORTIUM, (hereinafter SEARHC) is, and at all times mentioned herein, is a non-profit Alaska Native tribal health care organization established in 1975 under the provisions of the Indian Self-Determination Act. SEARHC is engaged in the business of operating a health care clinic for the purposes of providing medical care and treatment to American Indians and Alaska Natives in Juneau, Alaska.

4.  SEARHC was, at all times relevant to this case, carrying out a contract under P.L. 93-638. The SEARHC physicians were at all times relevant to this case, acting within the scope of their employment with SEARHC. As such, they are deemed to be employees of the United States under 25 U.S.C. § 450f(d). *See also*, Federal Tort Claims Act, 28 U.S.C. § 1346(b); § 8.04[2][a]. The act and omissions herein complained of occurred in said judicial district.

5.  All jurisdictional prerequisites to bringing this action have been satisfied in accordance with the Federal Tort Claims Act § 2675(a). On August 27, 2007, Plaintiff filed Standard Form 95, *Claim for Damage, Injury, or Death* with the United States Department of Health & Human Services, Indian Health Services and the Indian Health Service Claims Branch. Plaintiff has had no response to that submission and thus deems said claim denied.

**FACTS COMMON TO ALL CAUSES OF ACTION**

6.  Plaintiff re-alleges and incorporate herein by reference each and every allegation contained in paragraphs 1 through 5 above.

7.  At all times relevant, Plaintiff DIANE SOURON, was and is the mother and heir at law, of decedent Jody Watson.

8.  At all times relevant, SEARHC health care providers were providing ongoing medical care and treatment to David Alex.

2 of 5
*Watson, Jody Estate v. David Alex & Stephanie Smathers (1JU-07-633 Cl)) [23160].*
COMPLAINT FOR WRONGFUL DEATH

Case 1:09-cv-00016-JWS   Document 1   Filed 07/08/09   Page 2 of 5

9. As a health care provider, defendant SEARHC owed a duty to prescribe and monitor narcotic medications within established protocols such that neither the patient or general public, including plaintiff's decedent, were exposed to undue risk of harm.

10. On several occasions prior to the subject fatal collision, SEARHC health care providers had noted David Alex's ongoing misuse and abuse of prescription narcotics, but nonetheless continued to prescribe those narcotics.

11. On August 31, 2005, David Alex re-filled a prescription for narcotic medication prescribed by SEARHC physicians.

12. Later in the day of August 31, 2005, David Alex was involved in a fatal two vehicle collision when his Plymouth Voyager veered into the inbound lane on the two-lane Brotherhood Bridge spanning the Mendenhall River, killing Jody Watson.

13. Toxicology testing following the collision revealed both David Alex and his passenger, Stephanie Smathers, tested positive for the prescription narcotic, oxycodone and THC. On information and belief, but for their intoxication by the prescription narcotir, oxycodone, prescribed by Defendant, David Alex would not have lost control of the van he was driving and killed Jody Watson.

## FIRST CAUSE OF ACTION
### (Wrongful Death-Negligently Prescribing Narcotics)

14. Plaintiff re-alleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 13 above.

15. Defendant owed a duty of care to reasonably foreseeable persons endangered by its conduct in negligently prescribing narcotic medications to a known drug abuser.

16. Defendant's failure to properly prescribe and monitor the use of prescription narcotics by David Alex, all while knowing of his ongoing misuse and abuse of prescription narcotics was the direct and proximate cause of Jody Watson's damages and death.

3 of 5
Watson, Jody Estate v. David Alex & Stephanie Smathers (1JU-07-633 CI)) [23160].
COMPLAINT FOR WRONGFUL DEATH

Case 1:09-cv-00016-JWS   Document 1   Filed 07/08/09   Page 3 of 5

17. As a direct and legal result of the negligence and carelessness of the defendant, plaintiff's decedent was injured in her health, strength and activity, sustaining severe shock and injury to her emotional system and person, and causing plaintiff mental, physical and emotional pain and suffering and resulting in disability, all to her general damage in a sum which will be shown according to proof.

18. As a direct and legal result of the negligence and carelessness of the defendant, plaintiff was compelled to and did incur expenses for medical care, hospitalization, funeral, burial and other incidental expenses and will have to incur additional like expenses in the future, all in amounts presently unknown to her and according to proof at time of trial.

19. As a direct and legal result of the aforesaid negligence and carelessness of the defendant, plaintiff's decedent is thereby prevented from attending to the duties of her usual occupation. Plaintiff's decedent has therefore lost earnings and her estate has been harmed by a consequence of that loss, all in amounts presently unknown to her, and according to proof at time of trial.

## SECOND CAUSE OF ACTION
### (Wrongful Death - Failure to Warn)

20. Plaintiff re-alleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 19 above.

21. Defendant owed a duty of care to its patient, which duty included the duty to provide appropriate warnings at the time of prescribing the drugs about the effects of narcotics drugs on the patient's ability to drive an automobile.

22. Defendant's failure to warn David Alex about the effects of oxycodone on his ability to drive an automobile was a direct and proximate cause of Jody Watson's damages and death.

23. As a result of the negligence and carelessness of the defendant, Jody Watson sustained the following damages:

    a. severe and fatal physical injuries;

*Watson, Jody Estate v. David Alex & Stephanie Smathers (1JU-07-633 CI)) [23160].*
COMPLAINT FOR WRONGFUL DEATH

      b.      emotional distress;

      c.      loss of enjoyment of life;

      d.      physical impairment;

      e.      pain and suffering;

      f.      funeral expenses;

24. Plaintiff's damages exceed $100,000.00, the jurisdictional limit for this Court.

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

1. General damages in an amount that will conform to proof at time of trial;
2. Special damages in an amount in excess of the jurisdictional limits of this Court and according to proof;
3. Loss of earnings and impaired future earning capacity according to proof;
4. Medical, funeral, burial and incidental expenses, according to proof;
5. For prejudgment interest as provided by law;
6. For attorneys fees as provided by law;
7. For such other and further relief as this Court deems proper.

DATED Tuesday, July 07, 2009, at Juneau, Alaska.

Respectfully submitted,
CHOATE LAW FIRM LLC

s/Mark Choate

MARK CHOATE
424 N. Franklin Street
Juneau, AK 99801
Phone: (907) 586-4490
Fax: (907) 586-6633
EM: lawyers@choatelawfirm.com
AK Bar: 8011070

Attorneys for Plaintiff

CHOATE LAW FIRM LLC
424 North Franklin Street
Juneau, Alaska 99801
(907) 586-4490